(21 Misc. Rep. 529.)

## BOGAN v. WRIGHT et al.

(City Court of New York, General Term. October 26, 1897.)

APPEAL—REVIEW OF EVIDENCE.

Verdict for plaintiff on conflicting evidence as to whether the attorney's fee of 10 per cent. of rents, to be paid plaintiff for negotiating a lease for defendant to a city, included the rents on a renewal, will not be disturbed.

Appeal from trial term.

Action by Thomas Bogan against Moses G. Wright and others. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

Argued before FITZSIMONS, P. J., and CONLAN and SCHUCHMAN, JJ.

Black & Kneeland, for appellants.
Frank Thom, for respondent.

SCHUCHMAN, J. This is an appeal by the defendants from a judgment entered in favor of the plaintiff, upon the verdict of a jury, and from an order denying a motion for a new trial. The action is brought to recover for professional services alleged to have been ren-

dered by the plaintiff's assignors, to wit, the law firm of Gumbleton & Hottenroth, to the defendants, at an agreed price, in the matter of effecting a lease to the mayor, aldermen, and commonalty of the city of New York of premises in the city of New York, for the temporary bridge over the Harlem river, near Third avenue. The lease was made for the term of three years from June 19, 1893, with the privilege of two renewals of one year each, upon the same terms and conditions therein contained, at the option of the city authorities, at the yearly rental of the sum of $13,000. It appears that, after the expiration of the three years' term in said lease provided for, another lease was entered into between the defendant and the city authorities of the same property, at the same rental, and for the term of 1 year 10 months and 11 days from June 19, 1896.

Gumbleton & Hottenroth maintain in this action that the agreement for their professional services was for 10 per cent. on the amount of the rental that the defendants were to receive from any lease the city might make with them. The defendants admit that they were to pay said law firm 10 per cent. of all rents they were to receive from the city from any lease that might be made. The only contention between the parties is that the defendants claim that they understood the agreement to be that they were to pay 10 per cent. on the first lease, for the term of three years only; while the law firm maintain that they are entitled also to the 10 per cent. on the rental reserved in the lease, and received by the defendants, in the second lease. It is true that the first lease was for the term of three years, and no more, and that it contained merely a covenant for a renewal at the city's option. The second lease amounts to substantially a renewal under that covenant. Gumbleton & Hottenroth were the attorneys for the defendants. The relations of attorney and client existed between them, and the rule of law is that the attorney, in regard to a subject-matter intrusted to him by his client, must act fairly and justly, and take no undue advantage of his client's confidence, ignorance, or misconception. The client, however, is bound by an agreement with his attorney, when it appears from all the evidence, in the absence of any unfairness or injustice on his attorney's part, that he was fully informed of all the material circumstances, and acted understandingly on them. Place v. Hayward, 117 N. Y. 487, at page 497, 23 N. E. 25. The contention whether the defendants understood their agreement with their attorneys, whether they were to pay 10 per cent. on the three years, the term reserved in the first lease only, or whether they were to pay on any renewal thereof, was fairly submitted by the trial judge to the jury, by a charge very favorable to the defendants, to which no exception was taken; and the only request to charge submitted by the defendants, and stating particularly their contention, was complied with by the court and the jury finding a verdict for the plaintiff. That finding is conclusive, and cannot be disturbed.

We have examined the exceptions at folios 64 and 74, and also at folio 114, and do not think that the evidence to which they relate influenced the jury's verdict in any way, or inured in any way to the defendants' injury.

The judgment must be affirmed, with costs. All concur.